# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOWELL D. WELDON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01643-LJO-SMS<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. 39) |

　　　　Plaintiff United States ("Government") moves for Entry of Default Judgment against Defendants Lowell D. Weldon, Bessie L. Weldon and Midland Mortgage Company (collectively, the "Defendants").[1] This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the undersigned recommends that the Government's motion be granted.

**II.　　Background**

　　　　On October 28, 2008, the Government filed a complaint to reduce to judgment federal tax assessments against Lowell D. Weldon and to foreclose tax liens on three parcels of real property owned by Weldon and located at 5915 West Clinton Avenue, Fresno, CA 93722 ("Clinton property"); 2490 South Holloway Avenue, Fresno, CA 93725 ("Holloway property"); and 210

---

[1] This motion does not address Defendant State of California Employment Development Department, which filed a disclaimer of interest and was voluntarily dismissed from this action (Docs. 19 & 20). The Government and Defendants County of Fresno and State of California, who filed answers alleging their interests in the properties subject to the Government's liens, have stipulated to the order of payment upon liquidation of the properties (Doc. 29).

Oxford Avenue, Clovis, CA 93612 ("Oxford property") (collectively, the "Subject Properties") (Doc. 1).  The Clinton property is more particularly described as follows:

> The east half of the north half of the west 303.50 feet of Lot 4, Vista Bonita Tract, according to the map thereof, recorded November 17, 1914, in Book 7, Page 52 of Plats, in the Office of the County Recorder of Fresno County.

The Oxford property is more particularly described as follows:

> Lot 1 of Forest Park, in the City of Clovis, County of Fresno, State of California, according to the map thereof recorded in Book 13, page 61 of Plats, in the office of the County Recorder of said County.

The Holloway property is more particularly described as follows:

> Lot 83 of Sequoia Village, Tract #1133, recorded in Plat book 14 page 91.

Defendant Bessie L. Weldon was named as a defendant pursuant to 26 U.S.C. § 7403(b) because of her community property interest in the real properties subject to the Government's liens.  Defendant Midland Mortgage Company was named as a defendant pursuant to 26 U.S.C. § 7403(b) because the Government believes that it may claim an interest in the Holloway property. The Clerk entered default against Midland Mortgage Company on February 5, 2009 (Doc. 23) and against Lowell D. Weldon and Bessie L. Weldon on April 10, 2009 (Doc. 30).

On October 26, 2009, the Government moved for default judgment against Lowell D. Weldon, Bessie L. Weldon, and Midland Mortgage Company (Doc. 31).  On December 15, 2009, this Court recommended that the Government's motion for default judgment be denied because the returned summonses for Lowell D. Weldon and Bessie L. Weldon filed with the Court (Docs. 8 & 9) did not identify the individuals served (Doc.34) and because the summons for Midland Mortgage Co. had been returned unexecuted (Doc.5).

Thereafter, the Government filed new executed summonses establishing that Lowell D. Weldon and Bessie L. Weldon were served on December 11, 2008 (Docs. 35 & 36), and directed this Court to the executed summons for Midland Mortgage Bank filed January 21, 2009 (Doc. 13).  The Government then withdrew its first Motion for Default Judgment (Doc. 38) and filed a Second Motion for Default Judgment on January 5, 2010 (Doc. 31).

The Government requests the Court to enter judgment against Defendants Lowell D. Weldon, Bessie L. Weldon, and Midland Mortgage Company, and in favor of the United States

of America in the amount of $105,990.57, plus interest and other statutory additions from October 15, 2009. The Government also requests foreclosure of the federal tax liens against the interests of Defendants Lowell D. Weldon, Bessie L. Weldon, and Midland Mortgage Company in the Clinton property, Holloway property, and Oxford property and distribution of the proceeds in accordance with the Stipulation Regarding Lien Priority (Doc. 29).

Defendants Lowell D. Weldon, Bessie L. Weldon, and Midland Mortgage Company have neither appeared in this action nor filed opposition to this motion.

## II.     Legal Standard for Default Judgment

The Government moves for entry of default judgment pursuant to F.R.Civ.P.55(b)(2), which provides that judgment may be entered:

> (2) By the Court. In all other cases the party entitled to judgment by default shall apply to the Court therefor; but no judgment shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the Court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the Court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

None of the Defendants against whom this motion is brought is an infant or incompetent person, or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940 (Doc. 27-2, ¶¶ 7 & 8). Further, "upon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983). *See also TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

While the factual allegations of the complaint are taken as true upon default, damages are not. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Where damages are liquidated (i.e., capable of ascertainment from definitive figures contained in the documentary

1  evidence or in detailed affidavits), judgment by default may be entered without a damages
2  hearing.  *Dundee*, 722 F.2d at 1323-24; *see also James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).
3  Granting or denying default judgment is within the court's sound discretion.  *See Draper v.*
4  *Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986) (citation omitted).  "In applying this discretionary
5  standard, default judgments are more often granted than denied.  *PepsiCo. v. Triunfo-Mex, Inc.*,
6  189 F.R.D. 431. 432 (C.D. Cal. 1999).

7  When exercising discretion as to the entry of a default judgment, courts may consider
8  (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3)
9  the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of
10 a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7)
11 the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the
12 merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

13 This Court has evaluated the factors listed above and finds that the facts of this case favor
14 our granting default judgment.  First, the Government would suffer prejudice if the Court does
15 not enter default judgment since Defendants have not participated in this litigation and the
16 Government has no other means of recovery.  Second, the Government's complaint properly
17 alleges the necessary elements of the cause of action, satisfying the second and third factors, the
18 merits of the substantive claim and the sufficiency of the complaint.  Because a significant
19 amount of money is at stake in this action and because the Government has demonstrated that its
20 actions are authorized by law and has proven the amount of damages, the fourth factor has also
21 been satisfied.

22 Despite periodic receipt of assessment notices from the Government, Defendant Lowell
23 D. Weldon has neither filed tax returns nor paid federal taxes since the 1980's.  The Government
24 personally served Mr. Weldon with the complaint in this action.  Mr. Weldon has received copies
25 of documents filed in this action.  The incontrovertible proof of multiple notices to Lowell D.
26 Weldon and the decades over which Weldon has consistently failed to comply with federal tax
27 laws preclude a conclusion of excusable neglect under sixth factor.
28 ///

Finally, although cases should be decided on the merits when reasonably possible, that preference alone does not preclude the entry of default judgment. *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp.2d 1172, 1177 (C.D.Cal. 2002). The history of Mr. Weldon's disregard of his obligations under federal tax law permit this Court to decide this matter on the merits despite his nonappearance.

### IV.     Reduction of Assessments to Judgment

The Government first seeks to reduce the assessments against Lowell D. Weldon to judgment.

> In an action to collect tax, the government bears the initial burden of proof. The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due. Normally, introduction of the assessment establishes a prima facie case.
>
> *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990) (citations omitted). *See also United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994) ("Introducing Certificates of Assessments and Payments establish a Prima Facie case for the United States.").

Accordingly, the government satisfies its initial burden of proof by introducing Certificates of Assessments, and the burden then shifts to the taxpayer to show that he is not liable for the assessments. *Oliver*, 921 F.2d at 920.

The assessments made against Defendant Lowell D. Weldon are reflected on the Certificates of Assessments and Payments (Forms 4340) submitted by the Government in support of its motion. See Declaration of Internal Revenue Officer Marilyn Collins, exhibit 3 to the Government's motion for default judgment (Doc. 31) (the "Collins Declaration"). The Certificates of Assessment and Notices of Deficiency attached as exhibits 1 through 19 to the Collins Declaration establish that the tax liabilities were properly assessed against Lowell D. Weldon (26 U.S.C. §§ 6201-6203), and that notices and demands for payment for liabilities were properly sent (26 U.S.C. §§ 6303(a) and 6321). *See, e.g., United States v. Chila*, 871 F.2d 1015, 1017-19 (11th Cir. 1989). These Certificates of Assessment also conclusively demonstrate that the unpaid balances due on the relevant assessments against Lowell D. Weldon, with accrued interest, penalties, and other statutory additions as of October 15, 2009, is $105,990.57. A delegate of the Secretary of the Treasury has set forth the assessments against Defendant

Lowell D. Weldon for unpaid federal income tax (Form 1040) for the periods set forth below as follows:

| Tax Year | Balance Due as of October 15, 2009 |
|---|---:|
| 1997 | $7,499.48 |
| 1998 | $15,005.02 |
| 1999 | $10,766.15 |
| 2000 | $19,649.39 |
| 2001 | $20,247.36 |
| 2002 | $17,341.09 |
| 2003 | $15,482.08 |
| Total | $105,990.57 |

Doc. 47.

Defendant Lowell D. Weldon has not contested the amount of the assessments or the balances due.

### V. Valid Tax Liens

The United States alleges that it has valid tax liens against the property of Lowell D. Weldon, in which Defendants Bessie L. Weldon and Midland Mortgage Company may have an interest. Pursuant to 26 U.S.C. § 6321, the amount of the delinquent taxpayer's liability shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to the taxpayer. A lien imposed under § 6321 arises at the time the assessment is made and continues until the liability is satisfied, or the lien is removed in accordance with federal law. 26 U.S.C. § 6322. A federal tax lien is perfected upon assessment and no further action is necessary. *United States v. McDermott*, 507 U.S. 447, 452-55 (1993); *Glass City Bank of Jeanette, Pa. v. United States*, 326 U.S. 265, 267 (1945).

### VI. Foreclosure and Sale of Property

When there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, the Attorney General may bring an action in federal district court to enforce the lien created by 26 U.S.C. § 6321 or to subject any property held by the taxpayer to the payment

6

of tax. 26 U.S.C. § 7403(a). After adjudicating the merits of the United States' claims to the subject property, the District Court may decree a sale of the property and order distribution of the proceeds from that sale. 26 U.S.C. § 7403(c).

Here, Defendant Lowell D. Weldon has refused to pay the tax deficiencies, interest and penalties assessed against him. Accordingly, this Court recommends that the District Court enter judgment in favor of the United States' tax liens upon the Clinton property, Holloway property, and Oxford property to satisfy the unpaid tax assessments made against Defendant Lowell D. Weldon, for the period beginning with the tax year 1997 and ending with the tax year 2003, with accrued interest and penalties and other statutory additions as of October 15, 2009, in the amount of $105,990.57 plus penalties and interest thereafter until paid pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

This Court also recommends that the District Court enter judgment in favor of the United States extinguishing the interests of Defendants Bessie L. Weldon and Midland Mortgage Company in the Subject Property.

Finally, this Court notes that, by a stipulation and order entered April 10, 2009 (doc. 29), the Government, the State of California Franchise Tax Board, and the County of Fresno have previously agreed to their competing lien interests and priorities with regard to the distribution of the proceeds arising from the sales of the Subject Property.

**RECOMMENDATION**

Accordingly, the undersigned **HEREBY RECOMMENDS** that:

1. The Government's motion for the entry of default judgment against Defendants Lowell D. Weldon, Bessie L. Weldon and Midland Mortgage Company be granted as set forth above.
2. The Government's liens against the Subject Property be foreclosed and the Subjhect Property sold as detailed in the Recommended Order for Default Judgment, Foreclosure and Judicial Sale attached to these Findings and Recommendations;
3. Default judgment be entered in favor of the United States and against Defendant Lowell D. Weldon for federal tax liabilities for the tax years 1997 through 2003 in the amount of

   $105,990.57, plus interest and other statutory additions, as provided by law, that accrue after October 15, 2009;

The interests of Defendants Lowell D. Weldon, Bessie L. Weldon and Midland Mortgage Company in the Subject Property should be extinguished in favor of the United States;

4.   The proceeds of the sales of the Subject Property shall be distributed in accordance with the Stipulation and Order Regarding Lien Priority entered April 10, 2009.

## OBJECTIONS

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 24, 2010     /s/ Sandra M. Snyder
                UNITED STATES MAGISTRATE JUDGE

**RECOMMENDED ORDER FOR DEFAULT JUDGMENT, FORECLOSURE AND JUDICIAL SALE**

Upon motion of Plaintiff the United States of America ("United States"), and for good cause shown, it is hereby **ORDERED**, pursuant to F.R.Civ. P. 55(b), that the United States Motion for Default Judgment is hereby **GRANTED**. It is further **ORDERED**, pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403, that the following Order of Foreclosure and Judicial Sale should be, and hereby is, entered:

1. Defendant Lowell D. Weldon is indebted to the United States for unpaid assessment balances of federal taxes for tax years 1997 through 2003, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid. The Court hereby orders the Clerk of Court to enter judgment against Defendant Lowell D. Weldon for his federal tax liabilities for all tax years from 1997 through 2003 in the amount of $105,990.57, plus interest and other statutory additions, as provided by law, that accrue after October 15, 2009, and until all liabilities are paid in full.

2. The Subject Property upon which foreclosure is sought include 5915 West Clinton Avenue, Fresno, CA 93722 ("Clinton property"); 2490 South Holloway Avenue, Fresno, CA 93725 ("Holloway property"); and 210 Oxford Avenue, Clovis, CA 93612 ("Oxford property").

    The Clinton property is more particularly described as follows:

    > The east half of the north half of the west 303.50 feet of Lot 4, Vista Bonita Tract, according to the map thereof, recorded November 17, 1914, in Book 7, Page 52 of Plats, in the Office of the County Recorder of Fresno County.

    The Oxford property is more particularly described as follows:

    > Lot 1 of Forest Park, in the City of Clovis, County of Fresno, State of California, according to the map thereof recorded in Book 13, page 61 of Plats, in the office of the County Recorder of said County.

    The Holloway property is more particularly described as follows:

    > Lot 83 of Sequoia Village, Tract #1133, recorded in Plat book 14 page 91.

3. A duly authorized delegate of the Secretary of the Treasury has made the following assessments against Defendant Lowell D. Weldon:

| Tax Year | Balance Due as of October 15, 2009 |
|---|---|
| 1997 | $7,499.48 |
| 1998 | $15,005.02 |
| 1999 | $10,766.15 |
| 2000 | $19,649.39 |
| 2001 | $20,247.36 |
| 2002 | $17,341.09 |
| 2003 | $15,482.08 |
| Total | $105,990.57 |

4. The United States has valid and subsisting tax liens on all property and rights to property of Defendant Lowell D. Weldon, including the Subject Property, arising from the above-described assessments which tax liens were effective as of the dates of those assessments.

5. 26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Defendant Lowell D. Weldon.

6. The United States liens against the Subject Property are hereby foreclosed.

7. The United States Marshal, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property. The United States may choose either the United States Marshal or a PALS to carry out the sale of the Subject Property under this Order and shall make the arrangements for any sale as set forth in this Order.

8. The United States Marshal, his or her representative, or a PALS is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including but not limited to, retaining locksmiths or other persons to change or

///

       install locks or other security devices on any part of the Subject Property, until the Subject Property is delivered to the ultimate purchasers.

9. The terms and conditions of the sale of the Subject Property (or any of them) are as follows:

    a. The sale of the Subject Property shall be free and clear of all interests of all parties to this lawsuit.

    b. The sale of the Subject Property shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Property, and easements and restrictions of record, if any.

    c. The sale of the Subject Property shall be held at the courthouse of the county or city in which the Subject Property is located, on the premises of the Subject Property, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

    d. The date and time for the sale of the Subject Property is to be announced by the United States Marshal, his or her representative, or a PALS.

    e. Notice of the sale of the Subject Property shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county in which the Subject Property is located, and, at the discretion of the United States Marshal, his or her representative, or a PALS, by any other notice deemed appropriate.  Each notice shall contain a description of the Subject Property for sale and shall contain the terms and conditions of sale in this order of sale.

    f. Minimum bids will be set by the Internal Revenue Service.  If the minimum bid is not met or exceeded, the United States Marshal, his or her representative, or a PALS may, without further permission of the Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

| | | |
|---|---|---|
| g. | The successful bidder shall be required to deposit at the time of sale with the United States Marshal, his or her representative, or a PALS minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California. |
| h. | Before being permitted to bid at the sale of the Subject Property, bidders shall display to the United States Marshal, his or her representative, or a PALS proof that they are able to comply with this requirement. No bid will be received from any person who has not presented proof that, if he or she is the successful bidder, they can make the deposit required by this Order. |
| i. | The balance of the purchase price for the Subject Property is to be paid to the United States Marshal, his or her representative, or a PALS within 20 days after the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the bidder fails to fulfil this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be distributed in accordance with numbered paragraph 11, below. The Subject Property shall again be offered for sale under the terms and conditions of this Order. |
| j. | The sale of the Subject Property shall be subject to confirmation by this Court. The Marshal or PALS shall file a report of sale with the Court, together with the proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price for the Subject Property. |
| k. | On confirmation of the sale of the Subject Property, the Internal Revenue Service shall execute and deliver a deed of judicial sale conveying the Subject Property sold to its purchaser. |
| l. | On confirmation of the sale of the Subject Property, all interests in, liens against, or claims to the Subject Property that are held or asserted by any party to this action shall be discharged and extinguished. |

|   |     |                                                                                     |
|---|-----|-------------------------------------------------------------------------------------|
| 1 | m.  | The sale of the Subject Property is ordered pursuant to 28 U.S.C. § 2001, and is made without rights of redemption. |
| 2 | n.  | Until the Subject Property is sold, Defendant Lowell D. Weldon shall take all reasonable steps necessary to preserve the Subject Property, including all buildings, improvements, fixtures and appurtenances, in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Property.  He shall neither commit waste against the Subject Property nor permit or cause anyone else top do so.  He shall do nothing that will tend to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so.  He shall not record any instruments, publish any notice, or take any other action, including but not limited to running newspaper advertisements or posting signs, that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auctions, nor shall he cause or permit anyone else to do so. |

10. All persons occupying the Subject Property shall leave or vacate the Subject Property permanently within 60 days of the service of a copy of this Order on any such persons, each taking with him or her his or her personal property, but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Properties.  If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the Subject Property, even if the sale of the Subject Property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the

///

1     proceeds of the sale are to be applied first to the expenses of the sale and the balance to be

2     paid into the Court for future distribution.

3   11.   The proceeds arising from the sale are to be paid to the Clerk of this Court and applied as far as they are sufficient, first to the United States Marshal or the PALS (whichever conducted the sale as arranged by the United States) for the costs of the sale, and then in accordance with the provisions of the Stipulation and Order Regarding Lien Priority between the United States, the State of California Franchise Tax Board and the County of