# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOWELL D. WELDON, et al.,<br><br>　　　　　　Defendants. | CASE NO. 1:08-cv-01643-LJO-SMS<br><br>**ORDER FOR DEFAULT JUDGMENT,<br>FORECLOSURE AND JUDICIAL SALE**<br><br>(Docs. 39, 48) |

　　　　Upon motion of Plaintiff the United States of America ("United States"), and for good cause shown, it is hereby **ORDERED**, pursuant to F.R.Civ. P. 55(b), that the United States Motion for Default Judgment is hereby **GRANTED**.  It is further **ORDERED**, pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403, that the following Order of Foreclosure and Judicial Sale should be, and hereby is, entered:

1. Defendant Lowell D. Weldon is indebted to the United States for unpaid assessment balances of federal taxes for tax years 1997 through 2003, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid.  The Court hereby orders the Clerk of Court to enter judgment against Defendant Lowell D. Weldon for his federal tax liabilities for all tax years from 1997 through 2003 in the amount of $105,990.57, plus interest and other statutory additions, as provided by law, that accrue after October 15, 2009, and until all liabilities are paid in full.

///

2.  The Subject Property upon which foreclosure is sought include 5915 West Clinton Avenue, Fresno, CA 93722 ("Clinton property"); 2490 South Holloway Avenue, Fresno, CA 93725 ("Holloway property"); and 210 Oxford Avenue, Clovis, CA 93612 ("Oxford property").

The Clinton property is more particularly described as follows:

> The east half of the north half of the west 303.50 feet of Lot 4, Vista Bonita Tract, according to the map thereof, recorded November 17, 1914, in Book 7, Page 52 of Plats, in the Office of the County Recorder of Fresno County.

The Oxford property is more particularly described as follows:

> Lot 1 of Forest Park, in the City of Clovis, County of Fresno, State of California, according to the map thereof recorded in Book 13, page 61 of Plats, in the office of the County Recorder of said County.

The Holloway property is more particularly described as follows:

> Lot 83 of Sequoia Village, Tract #1133, recorded in Plat book 14 page 91.

3.  A duly authorized delegate of the Secretary of the Treasury has made the following assessments against Defendant Lowell D. Weldon:

| Tax Year | Balance Due as of October 15, 2009 |
|---|---:|
| 1997 | $7,499.48 |
| 1998 | $15,005.02 |
| 1999 | $10,766.15 |
| 2000 | $19,649.39 |
| 2001 | $20,247.36 |
| 2002 | $17,341.09 |
| 2003 | $15,482.08 |
| Total | $105,990.57 |

4.  The United States has valid and subsisting tax liens on all property and rights to property of Defendant Lowell D. Weldon, including the Subject Property, arising from the above-described assessments which tax liens were effective as of the dates of those assessments.

5. 26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Defendant Lowell D. Weldon.

6. The United States liens against the Subject Property are hereby foreclosed.

7. The United States Marshal, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property. The United States may choose either the United States Marshal or a PALS to carry out the sale of the Subject Property under this Order and shall make the arrangements for any sale as set forth in this Order.

8. The United States Marshal, his or her representative, or a PALS is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including but not limited to, retaining locksmiths or other persons to change or install locks or other security devices on any part of the Subject Property, until the Subject Property is delivered to the ultimate purchasers.

9. The terms and conditions of the sale of the Subject Property (or any of them) are as follows:

    a. The sale of the Subject Property shall be free and clear of all interests of all parties to this lawsuit.

    b. The sale of the Subject Property shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Property, and easements and restrictions of record, if any.

    c. The sale of the Subject Property shall be held at the courthouse of the county or city in which the Subject Property is located, on the premises of the Subject Property, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

///

  d. The date and time for the sale of the Subject Property is to be announced by the United States Marshal, his or her representative, or a PALS.

  e. Notice of the sale of the Subject Property shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county in which the Subject Property is located, and, at the discretion of the United States Marshal, his or her representative, or a PALS, by any other notice deemed appropriate. Each notice shall contain a description of the Subject Property for sale and shall contain the terms and conditions of sale in this order of sale.

  f. Minimum bids will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the United States Marshal, his or her representative, or a PALS may, without further permission of the Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

  g. The successful bidder shall be required to deposit at the time of sale with the United States Marshal, his or her representative, or a PALS minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California.

  h. Before being permitted to bid at the sale of the Subject Property, bidders shall display to the United States Marshal, his or her representative, or a PALS proof that they are able to comply with this requirement. No bid will be received from any person who has not presented proof that, if he or she is the successful bidder, they can make the deposit required by this Order.

  i. The balance of the purchase price for the Subject Property is to be paid to the United States Marshal, his or her representative, or a PALS within 20 days after the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the bidder fails to fulfil this requirement, the deposit shall be forfeited and shall be applied to cover the

expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be distributed in accordance with numbered paragraph 11, below. The Subject Property shall again be offered for sale under the terms and conditions of this Order.

j. The sale of the Subject Property shall be subject to confirmation by this Court. The Marshal or PALS shall file a report of sale with the Court, together with the proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price for the Subject Property.

k. On confirmation of the sale of the Subject Property, the Internal Revenue Service shall execute and deliver a deed of judicial sale conveying the Subject Property sold to its purchaser.

l. On confirmation of the sale of the Subject Property, all interests in, liens against, or claims to the Subject Property that are held or asserted by any party to this action shall be discharged and extinguished.

m. The sale of the Subject Property is ordered pursuant to 28 U.S.C. § 2001, and is made without rights of redemption.

n. Until the Subject Property is sold, Defendant Lowell D. Weldon shall take all reasonable steps necessary to preserve the Subject Property, including all buildings, improvements, fixtures and appurtenances, in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Property. He shall neither commit waste against the Subject Property nor permit or cause anyone else top do so. He shall do nothing that will tend to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action, including but not limited to running newspaper advertisements or posting signs, that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage

///

potential bidders from participating in the public auctions, nor shall he cause or permit anyone else to do so.

10. All persons occupying the Subject Property shall leave or vacate the Subject Property permanently within 60 days of the service of a copy of this Order on any such persons, each taking with him or her his or her personal property, but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Properties.  If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the Subject Property, even if the sale of the Subject Property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of the sale and the balance to be paid into the Court for future distribution.

11. The proceeds arising from the sale are to be paid to the Clerk of this Court and applied as far as they are sufficient, first to the United States Marshal or the PALS (whichever conducted the sale as arranged by the United States) for the costs of the sale, and then in accordance with the provisions of the Stipulation and Order Regarding Lien Priority between the United States, the State of California Franchise Tax Board and the County of Fresno, entered in this matter on April 10, 2009.

IT IS SO ORDERED.

**Dated:    March 29, 2010**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE